UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JAMES QUINN, Derivatively on Behalf of Nominal Defendant APPLE REIT TEN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLADE M. KNIGHT, JUSTIN KNIGHT, KENT W. COLTON, R. GARNETT HALL, JR., DAVID J. ADAMS, ANTHONY F. KEATING III, DAVID BUCKLEY, KRISTIAN GATHRIGHT, DAVID MCKENNEY, BRYAN PEERY, and APPLE HOSPITALITY REIT, INC.,<br><br>Defendants,<br><br>and<br><br>APPLE REIT TEN, INC.,<br><br>Nominal Defendant. | Case No. 3:16-cv-00610-JAG |

## ORDER AND FINAL JUDGMENT

This matter comes before the Court following a hearing pursuant to Rule 23.1 of the

Federal Rules of Civil Procedure and pursuant to the Preliminary Approval Order of this Court

dated December 7, 2016, entered on December 8, 2016 (Dk. No. 150), on the application of the

parties for approval of the Settlement[1] set forth in the Amended Stipulation and Agreement of

Compromise, Settlement, and Release (the "Stipulation"), executed on December 7, 2016, on

behalf of the Parties. Due and adequate notice having been given, as required in the Preliminary

Approval Order, and this Court having considered the Stipulation, all papers filed and

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed
to them in the Preliminary Approval Order and/or the Stipulation.

proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter of this shareholder derivative action (the "Action") and over all parties to the Action;

2.     The record shows that Notice has been given to Apple Ten Shareholders in the manner approved by the Court in the Stipulation and in the Court's Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Apple Ten Shareholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Apple Ten Shareholders' right to object to and to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Federal Rule of Civil Procedure 23.1; and (iv) meets the requirements of due process.

3.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation;

4.     The Court finds that the Settlement, including the Plan of Distribution, is fair, just, reasonable, and adequate to the Settlement Members, and that the Stipulation, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Pursuant to the Proposed Plan of Distribution set forth in the Notice of Pendency and Settlement of Derivative Action, the Court designates that any funds remaining in the Net Settlement Fund after the Claims Administrator has made reasonable and

diligent efforts to have Authorized Claimants cash their Settlement checks shall be donated to the Central Virginia Legal Aid Society;

5. Upon the Effective Date hereof, Plaintiff, on behalf of himself, shall be deemed to have, and by operation of the judgment shall have, absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims;

6. Upon the Effective Date hereof, Apple Ten, Plaintiff (acting on his own behalf and derivatively on behalf of Apple Ten), and each of Apple Ten's Shareholders (solely in their capacity as Apple Ten shareholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons. Apple Ten, Plaintiff (acting on his own behalf and derivatively on behalf of Apple Ten) and each of Apple Ten's Shareholders (solely in their capacity as Apple Ten's shareholders) shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto;

7. After the Effective Date, the Defendants and their Related Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, calculation, or payment of claims, the payment or withholding of taxes, tax expenses or any losses incurred in connection therewith.

8.     No Person shall have any claim against Plaintiff's Counsel, the Claims Administrator or other agent designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Distribution, or further orders of the Court.

9.     Plaintiff's Counsel are hereby awarded attorneys' fees, pursuant to Federal Rule of Civil Procedure 23.1, in the amount of $8,960,000, which the Court finds to be fair and reasonable, and $430,608.27 in reimbursement for Plaintiff's Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Gross Settlement Fund pursuant to the terms of the Stipulation. All fees and expenses paid to Plaintiff's Counsel shall be paid pursuant to the process and timing requirements described in the Stipulation;

10.     Plaintiff is hereby awarded a case contribution award of $15,000;

11.     Neither the Stipulation nor the terms of the Stipulation shall be offered or received into any action or proceeding for any purposes except (a) in an action or proceeding arising under this Stipulation or arising out of or relating to the Preliminary Approval Order or the Final Order and Judgment; or (b) in any action or proceeding where the Releases provided pursuant to the Stipulation may serve as a bar to recovery;

12.     The Stipulation and the terms of the Stipulation:

a.     Shall not be offered or received against any of the Defendants as evidence of, or construed as or deemed to be evidence of, and presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in this Action or in any litigation, or of an

liability, negligence, fault, or wrongdoing, or against the Plaintiff as evidence of any infirmity in the claims of Plaintiff or that damages are unrecoverable; and

b.      Shall not be offered or received against any of the Defendants or Plaintiff as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

13.      Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose.  Plaintiff, Defendants, each Settlement Member and Apple Ten Shareholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding.  Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiff, Defendants, each Settlement Member and each Apple Ten Shareholder are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

14.     This Court finds that during the course of the litigation, Plaintiff and the Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11;

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such events, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation;

16.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation; and

17.     Final Judgment shall be entered.

SO ORDERED this _16th_ day of _March_, 2017.

_/s/_

John A. Gibney, Jr.
John A. Gibney, Jr., United States District Judge
United States District Judge